### WALTER A. KIPP v. LIZZIE SALYER.

Argued June 7, 1899—Decided November 13, 1899.

A writ of attachment was issued against the property of the defendant, on an allegation that she had transferred a certain portion of her estate with intent to defraud her creditors. *Held,* that the proofs offered in support of the allegation did not justify the conclusion that such transfer was fraudulent, and that, therefore, the writ should be quashed.

Rule to show cause why writ of attachment should not be quashed.

Before Justices DEPUE, GUMMERE and LUDLOW.

For the rule, *Colie & Swayze.*

*Contra, Charles D. Thompson.*

The opinion of the court was delivered by

GUMMERE, J.    The supplement to the "Act to regulate the practice of courts of law," approved February 25th, 1895, provides that in all cases in which a *capias ad respondendum* might issue against a defendant in any action upon contract, the court, or a judge thereof, or a Supreme Court commissioner may, at the request of the plaintiff, upon filing the affidavits required as a foundation for an order for bail, award a writ of attachment against the lands, tenements, &c., of the defendant, and that the practice and procedure in relation to the issue, levy and return of such writ, and the vacation thereof when improperly issued, shall be the same as in cases of attachment against non-resident debtors.    *Gen. Stat., p.* 2602.

The plaintiff in this case being the holder by assignment of a certain bond made by the defendant to one Edward Salyer, on which there is due the sum of $4,228, made an application under the above statute, to a Supreme Court commissioner for a writ of attachment against the defendant, on the ground that she had assigned, removed and disposed of her property with intent to defraud her creditors.    The commissioner, conceiving that the affidavits presented by the plaintiff in support of his application justified the charge of fraud, ordered the attachment to issue.    The defendant now seeks to quash the writ as improvidently allowed.    Our Practice act authorizes the issuance of a *capias ad respondendum* in any action founded upon contract, upon proof that the defendant has assigned, removed or disposed of his property

with the intent to defraud his creditors, and it is admitted that the allowance of the writ of attachment in this case was justified under the statute of 1895, provided the facts in the case justified the conclusion that the defendant had disposed of her property with intent to defraud her creditors. That such a conclusion is justified by the proofs, however, is denied by the defendant, and it is on this ground that she seeks to have the attachment quashed.

The affidavits upon which the plaintiff sought for and obtained the writ, and the testimony taken on this rule, disclosed the following pertinent facts: The bond in suit was made by the defendant to her father-in-law in the year 1880, payable one year after date, and was secured by a mortgage on certain real estate of the defendant, which was at the time subject to a prior mortgage, and upon which the mortgagee then resided. These two mortgages comprised at that time, and up to the time of the alleged fraudulent transfer of her property, all of the indebtedness of the defendant. After the execution of the bond and mortgage the mortgagee continued to remain upon the mortgaged premises until his death, which occurred in 1885. No administration upon his estate was taken out until 1897, twelve years after his death, and during all that time no attempt was made to enforce the payment of the principal or the interest upon the defendant's debt. The same is true also of the mortgage which was upon the property at the time of the execution of the bond now in suit. In 1893, and again in 1894, the defendant gave to her daughter certain moneys which she had received from the estate of her father, and by doing so she left herself unable to pay her indebtedness in full. Three years after the last gift to her daughter administration was taken out upon the estate of the deceased mortgagee, and a bill to foreclose was filed, which resulted in the sale of the mortgaged premises for the satisfaction of the mortgage. The amount produced by this sale was far short of the principal and interest due upon the mortgage. Shortly after the sale the administrator assigned the bond to the plaintiff, who thereupon instituted this action.

We do not think that these facts justify the conclusion that the gifts by the defendant to her daughter in 1893 and 1894 were made for the purpose of defrauding creditors. At that time the plaintiff's bond, and also the prior mortgage above referred to, had been due and payable for a period of twelve years, during all of which time no demand had ever been made upon the defendant for payment. We think that the failure of the parties who were entitled to call for the payment of this money to do so, makes it more probable that the defendant supposed the indebtedness would never be enforced against her, than that she intended to defraud the parties who would ultimately be entitled to the payment of these debts, by making the gifts to her daughter, the honesty of which is now challenged. Fraud is never presumed, but must always be proved, and the burden of proof rests on the party asserting its existence. In our judgment the plaintiff in this case failed to discharge himself of that burden.

The conclusion which we have reached upon the facts makes it unnecessary to consider or determine the interesting legal question presented by the case, namely, whether, under the act of February 25th, 1895, a writ of attachment can be sued out against the estate of a *feme sole.*

The writ of attachment will be set aside, with costs to the defendant.